## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. |
| COMPASS GROUP USA, INC., D/B/A Canteen, a Delaware Corporation, | ) ) ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL BY DEFENDANT COMPASS GROUP USA, INC.

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and 1711, defendant Compass Group USA Inc. ("Compass"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of Cook County, Illinois ("State Court"), in which court the cause is currently pending, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Compass states as follows:

1.      Compass exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Anthony Oliver v. Compass Group USA, Inc. d/b/a Canteen*, Case No. 2018-CH-09355.

2.      28 U.S.C. § 1441(a) provides that any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

3.      This is a civil action that was instituted in the State Court, and has not been tried. On or about July 25, 2018, Plaintiff filed his original complaint in the State Court. A true and

correct copy of the complaint is attached hereto as **Exhibit A**. As set forth below, Compass received a copy of the summons and Complaint on August 8, 2018, and this Notice of Removal is therefore timely pursuant to 28 U.S.C. § § 1446(b) and 1453.

4.      As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff's action constitutes a mass action (as defined in 28 U.S.C. § 1332(d)(11)) pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

## I.   THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d)(11), 1453

5.      As set forth below, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d)(11) and § 1332(d)(2), because: (i) the monetary relief claims of 100 or more plaintiffs are proposed to be tried jointly; (ii) the citizenship of at least one plaintiff is different from that of Compass; (iii) the aggregate amount placed in controversy by the claims of Plaintiff exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (iv) Plaintiff's claims are alleged to involve common questions of law and fact.

### A.      The Monetary Relief Claims of 100 Or More Plaintiffs Are Proposed To Be Tried Jointly

6.      The Complaint is brought on behalf of one individually-named plaintiff who purports to represent a putative class of similarly-situated consumers in Illinois and elsewhere throughout the nation who allegedly were charged "credit card surcharges" by Compass for purchasing one or more  products from  its vending machines. *See* Compl. ¶¶ 5, 22. The Complaint alleges that "there are hundreds, if not thousands, of members of the Class and Subclass." *See id.* at ¶ 27.

2

7.     The Complaint seeks the recovery of monetary relief on behalf of each of the unidentified members of the putative class.  *See* Compl. ¶¶ 38, 43 (seeking compensatory damages, among other forms of relief).  The Complaint also seeks "[i]njunctive relief prohibiting Defendant's unfair and deceptive advertising practices."  *Id.* at ¶ 38.

8.     The Plaintiff has demanded a jury trial for his monetary claims.  *See* Compl. at Jury Demand.  Moreover, Plaintiff proposes to collectively try the monetary claims for the class of "hundreds, if not thousands" of plaintiffs collectively.  *See* Comp. ¶¶ 22-28.  Indeed, Plaintiff seeks relief arising out of a single purported pattern or practice that allegedly harmed each member of the class.  *See id.*  Accordingly, the monetary claims of at least 100 plaintiffs are proposed to be tried jointly.

**B.     The Minimal Diversity Of Citizenship Requirement Is Satisfied**

9.     At the time Plaintiff commenced this action against Compass in State Court, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by CAFA, 28 U.S.C. § 1332(d)(2)(A).

10.     CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(A). This requirement is met here, as Compass and the named plaintiff are citizens of different states for purposes of diversity jurisdiction.

11.     The Complaint identifies the named plaintiff as a resident of Georgia and proposes a nationwide class of plaintiffs and a subclass of plaintiffs who are alleged to be residents of Illinois.  *See* Compl. at ¶¶ 6, 22.

12.     Upon information and belief, for purposes of diversity of citizenship under 28 U.S.C. § 1332, each plaintiff is a citizen of the state in which they are alleged to reside.

13.     The Complaint identifies Compass as a citizen of Delaware.  *See* Compl. at ¶7. Compass's principal place of business is located in Charlotte, North Carolina.  *Id.*  For purposes of diversity of citizenship under 28 U.S.C. § 1332(a) and (d), Compass is a citizen of a state other than the state of Georgia.

14.     As a citizen of both Delaware (state of incorporation) and North Carolina (principal place of business) Compass is a citizen of states other than the state of citizenship of the named plaintiff identified in the Complaint.  As such, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

**C.      The Amount In Controversy Requirement Under CAFA Is Satisfied Because The Aggregate Amount in Controversy Exceeds $5,000,000**

15.     Under CAFA, the claims of the individual plaintiffs in a mass action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6), 1332(d)(11).  Plaintiff's claims meet the jurisdictional threshold set forth in § 1332(d)(6) in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

16.     Where, as here, a complaint fails to plead a specific amount of damages or disclaim an amount in excess of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

17.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578-579 (7th Cir. 2017).  Furthermore, defendants are not required to prove the plaintiff's claims for damages. *Id.* at 579.  Indeed, "when a defendant seeks federal-court adjudication, the defendant's amount-

in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir.2011) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much") (internal citation omitted).

18.    CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, at *43, as reprinted in 2005 WL 627977 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); see also *Dart Cherokee,* 135 S. Ct. at 554 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

19.    The Complaint seeks relief for purported deceptive business practices in violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFDPA"), and breach of contract. *See* Compl. ¶¶ 38, 43.

20.    Plaintiff alleges that Compass assessed unauthorized "credit card surcharges" on products purchased at Compass's vending machines located in Illinois and elsewhere throughout the country. *See* Compl. ¶¶ 1-5.

21.    Plaintiff seeks compensatory damages for the alleged unauthorized "surcharges" charged by Compass vending machines. Compl. ¶¶ 38, 43.  The Complaint also specifically seeks "[i]njunctive relief prohibiting Defendant's unfair and deceptive advertising practices." *Id.* at ¶ 38.

22.    A removing defendant may aggregate all of a plaintiff's claims to determine the total amount of controversy.  28 U.S.C. § 1332(d)(6) (under CAFA, "the claims of the individual

class members shall be aggregated to determine whether the matter in controversy exceeds ... $5,000,000, exclusive of interest and costs").

23.     The Complaint does not expressly state an amount in controversy in excess of $5,000,000. Instead, the Complaint alleges that "the Plaintiff and the other members of the Subclass suffered actual damages, including monetary losses for the credit card surcharge they were automatically charged by Defendant's vending machines," and "Plaintiff and other members of the Class have incurred monetary damages in the amount of the credit card surcharge automatically assessed by Defendant." (Compl. ¶¶ 37, 42)

24.     Based on Plaintiff's claims, the amount of damages sought by the putative nationwide class could plausibly include the combined total of the alleged "credit card surcharges" charged to each member of the putative class. *See Fiore v. First Am. Title Ins. Co*., No. 05-CV-474-DRH, 2005 WL 3434074, at *2 (S.D. Ill. Dec. 13, 2005) (finding that the aggregate amount in controversy includes both claims arising inside and outside of Illinois where plaintiff brought class action for violations of ICFDPA). Plaintiff erroneously describes Compass as having charged a "credit card surcharge." Instead, for transactions made at some of Compass's vending machines, Compass offers a discount of ten cents ($0.10) per transaction for transactions made in cash rather than using credit cards. Accordingly, the "surcharges" referred to by Plaintiff are, instead, the difference between the discounted cash price and the full price charged to credit card purchasers. *See* Declaration in Support of Notice of Removal, attached hereto as **Exhibit B,** at ¶ 5. Thus, the total of these "surcharges," or cash discounts not applied by Compass in the U.S. during the relevant time period, make up the plausible damages claimed in this case.[1]

---

[1] Compass does not concede that any credit card charges were improper or actionable, or that Compass has liability to Plaintiff or any member of the putative Class or Sub-Class, and Compass expressly reserves the right to contest the factual allegations contained in the Complaint. For purposes of assessing the amount in controversy, a defendant

25.     For the one-year period ending July 25, 2018, the aggregate amount of cash discounts not applied to credit-card transactions by Compass through its vending machines exceeded $5 million nationwide. *See* Ex. B at ¶ 5.  That amount represents only the aggregate discounts not applied, and not the dollar value of the transactions in which those discounts were not applied.  *Id.*  Plaintiff does not identify what statute of limitations applies to his claims or those of the Class or the Subclass.  In Illinois, contract claims are governed by a five-year statute of limitations, and ICFDPA claims are governed by a three-year statute of limitations.  *See Armstrong v. Guigler*, 174 Ill. 2d 281, 287 (1996) (five-year statute of limitations applies to contract claims); *Salah v. Azulay Seiden Law Grp.*, No. 1-14-0768, 2015 WL 5121284, at *3 (Ill. App. Ct. Aug. 31, 2015) (three-year statute of limitations applies to ICFDPA claims).  Thus, while discounts for the year immediately preceding the filing of the Complaint alone are sufficient to satisfy CAFA's amount-in-controversy requirement, unapplied discounts from previous years also may be considered.

26.     Accordingly, by virtue of joining their claims in one action, Plaintiff and his purported class and subclass have placed in controversy at least $5 million in damages.  *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827 (7th Cir. 2011) (recovery of more than $5 million was possible in removed putative class action alleging insurer violated ICFDPA by paying medical providers less than required under various insurance policies); *see also Fiore*, 2005 WL 3434074, at *2 (sums claimed by plaintiffs in the aggregate met amount in controversy).  The $5,000,000 amount-in-controversy threshold thus is satisfied for the purposes of satisfying 28 U.S.C. § 1332(d)(6).

---

is not required to concede that it has liability in excess of the jurisdictional minimum.  *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).  Instead, the defendant's burden is to establish what "a fact-finder *might* conceivably award" should the plaintiff establish liability. *Sabrina Roppo*, 869 F.3d at 583 (quoting *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016)) (emphasis in original).

**D.     Plaintiff's Claims Allegedly Involve Common Questions Of Law And Fact**

27.     Plaintiff's Complaint proposes to jointly try his claims and the claims of the members of his putative class against Compass on the ground that their claims involve common questions of law and fact concerning Compass's allegedly unfair and deceptive practices in connection with vending machine credit card charges.

28.     Such allegations demonstrate that under Plaintiff's theory of the case, common questions of law and fact exist for purposes of CAFA mass action removal.  Moreover, as noted above, Plaintiff has demanded a jury trial.  *See* Compl. at Jury Demand.  Thus, the commonality element of a mass action removal has been met.

**E.     The Court Should Not Decline To Exercise Jurisdiction Over This Action**

29.     Pursuant to 28 U.S.C. 1332(d)(3), a district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed.  Plaintiff will not be able to satisfy this provision.  First, while Compass has not determined the citizenship of all customers who did not receive a cash discount, Compass has determined that less than 9% of its vending machines are located in Illinois, less than 7% of its vending machine revenues are derived from machines located in Illinois, and less than 6% of the cash discounts not awarded were for transactions through Illinois vending machines. *See* Ex. B at ¶¶ 6-8**.**  It is therefore plausible, if not highly likely, that less than one-third of the putative class members are Illinois citizens.  Even if greater than one-third but less than two-thirds of the members of the putative class are citizens of Illinois, Compass is a citizen of Delaware and of North Carolina.  Compl. at ¶ 7.  This action was

originally filed in the state of Illinois. *See* Ex. A. Accordingly, this Court should not decline to exercise jurisdiction on the basis of 28 U.S.C. 1332(d)(3).

30.     Pursuant to 28 U.S.C. 1332(d)(4), a district court may decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed, or where:

     a. greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

     b. at least one defendant is a defendant:

        i. from whom significant relief is sought by members of the plaintiff class;

        ii. whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

        iii. who is a citizen of the State in which the action was originally filed; and

     c. principal injuries resulting from the alleged conduct of each defendant were incurred in the State in which the action was originally filed; and

     d. during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

31.     The factors outlined in 28 U.S.C. 1332(d)(4) are not present here. As shown above, it is highly likely that less than two-thirds of the putative class are Illinois citizens. Even if greater than two-thirds of the class members are citizens of Illinois, Compass, the sole defendant, is not a citizen of Illinois. By its terms, 28 U.S.C. 1332(d)(4) cannot be met where no

defendant is a citizen of the state where the action was originally filed. Accordingly, this Court should not decline to exercise jurisdiction over this action.

## PROCEDURAL COMPLIANCE

32.    In accordance with the requirements of 28 U.S.C. § 1446(b), a Notice of Removal should be filed within thirty (30) days after the receipt of the summons and Complaint. Compass received a copy of a motion filed in this lawsuit (but not the summons or Complaint) on August 2, 2018. Compass received the summons and Complaint on August 8, 2018.

33.    Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court, to the United States District Court for the Northern District of Illinois, Eastern Division, which embraces the place where the action is pending.

34.    The United States District Court for the Northern District of Illinois, Eastern Division, embraces the county in which the state court action is now pending and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 84(c)(3).

35.    No previous application has been made for the relief requested herein.

36.    Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Compass: the Complaint bearing case number 2018-CH-09355, filed in the Circuit Court of Cook County, Illinois (*see* **Exhibit A,** attached hereto), summons (*see* **Exhibit C,** attached hereto), and Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery and Notice thereof (*see* **Exhibit D**, attached hereto).

37.    Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

38.     A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for plaintiffs.

WHEREFORE, defendant Compass Group USA, Inc. hereby removes this case from the State Court, where it is now pending, to this Court.

Dated: August 31, 2018

Respectfully submitted,

COMPASS GROUP USA, INC.

By:     /s/ Joseph C. Wylie II
        One of Its Attorneys

Joseph C. Wylie II
Alexandria D. Bond
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
joseph.wylie@klgates.com
lexi.bond@klgates.com

Paul W. Sweeney Jr. (*Pro Hac Vice*
application forthcoming*)*
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
paul.sweeney@klgates.com

*Attorneys for Compass Group USA, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on August 31, 2018, the foregoing was filed with the Clerk of Court using the CM/ECF system, and sent via U.S. Postal mail to the following counsel of record:

Eugene Y. Turin
McGuire Law, P.C.
55 W. Wacker Dr.
9th Floor
Chicago, IL 60601
eturin@mgpc.com

*Attorney for Plaintiff*

/s/ Joseph C. Wylie II

Joseph C. Wylie II
Attorney for Compass Group USA, Inc.