# Exhibit A

FILED
7/25/2018 12:35 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH09355

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| ANTHONY OLIVER, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | No. |
| *Plaintiff,* | ) ) | 2018CH09355 |
| v. | ) ) | |
| COMPASS GROUP USA, INC., D/B/A Canteen, a Delaware Corporation | ) ) ) | |
| *Defendant.* | ) ) | |

FILED DATE: 7/25/2018 12:35 PM   2018CH09355

## CLASS ACTION COMPLAINT

Plaintiff Anthony Oliver ("Plaintiff" or "Oliver") individually and on behalf of other similarly situated individuals, brings this Class Action Complaint and Demand for Jury Trial against Compass Group USA, Inc. (d/b/a Canteen) ("Defendant" or "Compass") to stop Defendant's unlawful practice of assessing an unauthorized credit card surcharge on products purchased at Defendant's vending machines located in Illinois and elsewhere throughout the country. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.     Defendant Compass is a food service company that sells snacks, meals, and beverages through vending machines in corporate cafes, schools, colleges and universities, hospitals, museums, etc.

2.     Defendant, like many others in the business of providing food products through vending machines, labels and advertises its products sold to consumers at a specific price.

FILED DATE: 7/25/2018 12:35 PM   2018CH09355

3.     However, Defendant fails to honor the specific prices listed for its products on its vending machines and automatically assesses a credit card surcharge on all of the products purchased from its vending machines using a credit card.

4.     Accordingly, Defendant regularly collects unauthorized charges from consumers who use their credit cards to purchase items from its vending machines.

5.     Plaintiff brings this action on behalf of himself and other similarly situated consumers in Illinois and elsewhere throughout the nation who were charged credit card surcharges by Defendant for purchasing a product from one of its vending machines.

**PARTIES**

6.     Plaintiff Anthony Oliver is a natural person and a citizen of Georgia.

7.     Defendant Compass Group USA, Inc. is a food services company that provides snacks, meals, and beverages to consumers through vending machines located throughout the country, including in Illinois.  It is a Delaware corporation with its principal place of business located in Charlotte, North Carolina.

**VENUE AND JURISDICTION**

8.     This Court has personal jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209 and in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is registered to do business within this State, is doing business within the State, and because Defendant transacts business within this State.

9.     Venue is proper in Cook County under 735 ILCS 5/2-101, because Defendant conducts business in Cook County and because the transaction out of which this cause of action arises occurred in Cook County, as Plaintiff purchased the falsely priced products at issue in Cook County.

FILED DATE: 7/25/2018 12:35 PM   2018CH09355

## COMMON FACTUAL ALLEGATIONS

10.     Defendant, through its vending machines located throughout Illinois and elsewhere nationwide, provides snacks, meals, and beverages to consumers.

11.     As an ordinary business practice, Defendant discloses the prices of each food or beverage product sold in its vending machines using either a physical label or a digital screen located by the payment terminal.

12.     However, Defendant fails to inform consumers that using a credit card to purchase such products will result in an additional surcharge beyond the price specifically disclosed by Defendant.

13.     Indeed, consumers are only made aware of the credit card surcharge *after* they have swiped their credit card and the transaction is processed—at which point it is too late to try to cancel the transaction.

14.     Accordingly, Defendant regularly collects credit card surcharges that it did not have any authorization to charge and falsely advertised the price of its food and beverage products.

## FACTS SPECIFIC TO PLAINTIFF

15.     On or around April 2018, Plaintiff Anthony Oliver purchased several beverage products from one of Defendant's vending machines located in Chicago, Illinois.

16.     Specifically, relying on the prices represented on Defendant's vending machine, Plaintiff chose to purchase two bottles of water and two soft drinks from one of Defendant's beverage vending machine that were displayed as being sold for $1.25 each.  Plaintiff swiped his credit card on the payment terminal attached to the vending machine to provide payment for each drink purchase, and then selected the drink products, which were promptly provided to him by the machine.

FILED DATE: 7/25/2018 12:35 PM  2018CH09355

17.     However, when Plaintiff later checked his online bank statement he discovered that he was actually charged $1.35 for each drink product—10 cents more than the price that was specifically displayed on Defendant's vending machine.

18.     Critically, nowhere on the machine, or at any point during the purchase process, did Defendant disclose that credit card users would be charged an additional surcharge or that Plaintiff would be charged $1.35 rather than $1.25.

19.     Plaintiff and the other members of the Class were deceived and/or misled by Defendant's representations regarding the purchase price of the beverage and food products which they purchased from Defendant's vending machines and these representations and Defendant's failure to disclose a credit card fee were material factors that influenced Plaintiff's and the other Class members' decisions to purchase such products.

20.     Plaintiff and the other members of the Class would not have purchased the products that they bought, or would have chosen a different payment method, had they known that Defendant's representations about the purchase price were false and misleading and that an additional fee would be assessed if they used a credit card.

21.     Plaintiff and the other members did not receive the benefit of the bargain when they purchased food and drink products from Defendant's vending machines that were not sold to them for the price explicitly offered by Defendant.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of himself and a nationwide class (the "Class") and Subclass ("Subclass"), defined as follows:

> The Class: All persons in the United States who, within the applicable statute of limitations, purchased products from one of Defendant's vending machines using a

FILED DATE: 7/25/2018 12:35 PM    2018CH09355

credit card.

The Illinois Subclass: All persons in the United States who, within the applicable statute of limitations, purchased products from one of Defendant's vending machines located in the state of Illinois using a credit card.

23.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

24.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

26.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and

FILED DATE: 7/25/2018 12:35 PM   2018CH09355

Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

27.     Upon information and belief, there are hundreds, if not thousands, of members of the Class and Subclass such that joinder of all members is impracticable.

28.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass.  Common questions for the Class and Subclass include, but are not limited to, the following:

    (a)    Whether Defendant listed food and beverage products for sale from its vending machines for a specific price;

    (b)    Whether Defendant sold food and beverage products for the same price as advertised on its vending machines;

    (c)    Whether the purchase price for the food and beverage products listed by Defendant was false or misleading;

    (e)    Whether Defendant's conduct violated the Illinois Consumer Fraud Act and other such similar statutes;

    (f)    Whether Plaintiff and the other members of the Class have suffered ascertainable monetary losses as a result of Defendant's conduct;

    (g)    Whether Plaintiff and the other members of the Class are entitled to monetary, restitutionary or other remedies, and, if so, the nature of such remedies; and

    (h)    Whether Defendant should be enjoined from continuing to engage in such conduct.

## COUNT I
**For Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1 *et seq.***
**(on behalf of the Illinois Subclass)**

29.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

30.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS

FILED DATE: 7/25/2018 12:35 PM    2018CH09355

502/1 *et seq.* ("ICFA") prohibits deceptive acts and practices in the sale of products such as Defendant's food and beverage products.

31.    Plaintiff and the other members of the Subclass are "consumers" or "persons," as defined under the ICFA.

32.    Defendant's conduct as alleged herein occurred in the course of trade or commerce.

33.    Defendant's actions in assessing a credit card surcharge fee that is not disclosed to consumers offends public policy, has caused and continues to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

34.    Defendant knew or should have known at all relevant times that its vending machines automatically assessed a surcharge for the use of a credit card as a payment method, but Defendant nonetheless continued to advertise and sell its food and beverage products without disclosing the credit card surcharge.

35.    Defendant intended for consumers to rely on its representations regarding the purchase price of its products when choosing to purchase such products, and consumers rely on such representations to make an informed decision as to whether to buy the product they are purchasing and to use the specific payment method they have chosen.

36.    Plaintiff and the other members of the Subclass did reasonably rely on Defendant's representations in choosing to purchase the beverage and food products sold in Defendant's vending machines, and would not have purchased such products that they bought, or would have chosen a different payment method, had Defendant not made the false and deceptive representations regarding their purchase price and had Defendant disclosed the credit card surcharge fee it assessed.

37.    As a direct and proximate cause of Defendant's deceptive and unfair trade practices,

FILED DATE: 7/25/2018 12:35 PM   2018CH09355

Plaintiff and the other members of the Subclass suffered actual damages, including monetary losses for the credit card surcharge they were automatically charged by Defendant's vending machines.

38.     Defendant's conduct is in violation of the ICFA, and pursuant to 815 ILCS 505/10a, Plaintiff and the other members of the Class are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's unfair and deceptive advertising going forward, and any other penalties or awards that may be appropriate under applicable law.

WHEREFORE, Plaintiff, on behalf of himself and the Illinois Subclass, prays for the following relief:

    a.   An order certifying the Illinois Subclass as defined above;

    b.   An award of actual or compensatory damages;

    c.   Injunctive relief prohibiting Defendant's unfair and deceptive advertising practices;

    d.   An award of reasonable attorney's fees and costs; and

    e.   Such further and other relief the Court deems reasonable and just.

## COUNT II
### For Breach of Contract
### (on behalf of the Class)

39.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

40.     Defendant offered various food and beverage products for sale to Plaintiff and the other members of the Class at a specific price.

41.     Plaintiff and the other members of the Class chose to purchase the food and beverage products offered for sale by Defendant at the price disclosed, and tendered payment.

FILED DATE: 7/25/2018 12:35 PM    2018CH09355

42.     However, Defendant did not honor the prices listed for its food and beverage products, and instead charged Plaintiff and the other members of the Class an additional credit card surcharge that Defendant had not disclosed, and that Plaintiff and the other members of the Class did not agree to pay.

43.     Accordingly, Plaintiff and the other members of the Class have incurred monetary damages in the amount of the credit card surcharge automatically assessed by Defendant.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1.      An order certifying the Class as defined above;

2.      An award of actual or compensatory damages; and

3.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: 7/25/2018

ANTHONY OLIVER, individually and on behalf of a Class of similarly situated individuals

By: /s/ Eugene Y. Turin
    One of Plaintiff's Attorneys

Eugene Y. Turin
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com

*Attorneys for Plaintiff and the Class*